**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

ARTHUR D'AMARIO, III,          :
                               :     Civil Action No. 07-4566 (RBK)
          Petitioner,          :
                               :
     v.                        :     **OPINION**
                               :
CLERK FOR U.S. DISTRICT COURT, :
                               :
          Respondent.          :

**APPEARANCES:**

Petitioner pro se
Arthur D'Amario, III
Englewood Federal Correctional Institution
9595 West Quincy Avenue
Littleton, CO 80123

**KUGELR**, District Judge

    This matter is presently before the Court upon the submission by Petitioner Arthur D'Amario, a prisoner currently confined at the Englewood Federal Correctional Institution at Littleton, Colorado, of a Petition for Writ of Mandamus, seeking to compel the Clerk of the Court to provide a transcript at government expense and to provide certain other records.

    At this time, the Court must review the Petition pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See, e.g., Martin v. Grimshaw, 198 F.3d 248 (Table), 1999 WL

1021705 (6th Cir. 1999) (mandamus action under § 1631 is a "civil action" for purposes of Prison Litigation Reform Act); In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996) (PLRA applies to mandamus petitions that seek relief analogous to civil rights complaints). For the reasons set forth below, the Court concludes that dismissal of the Petition is warranted; Thompson v. Sheriff of Broward County, 2007 WL 419352 (S.D. Fla. Feb. 5, 2007) (collecting cases).  Cf. Madden v. Myers, 102 F.3d 74, 76-66 n.2 (3d Cir. 1996) (declining to decide whether PLRA applies to § 1361 mandamus petitions) with Franco v. Bureau of Prisons, 207 Fed.Appx. 145, 2006 WL 3521880 (3d Cir. 2006) (affirming district court dismissal under 28 U.S.C. § 1915(e)(2) of motion for § 1361 writ of mandamus against Bureau of Prisons, and dismissing appeal under § 1915(e)(2)(B)).

## I. BACKGROUND

The following factual allegations are taken from the Petition and are accepted as true for purposes of this review. In addition, this Court will take judicial notice of its own dockets in the matters to which Petitioner refers in the Petition.

Petitioner has been convicted in two criminal matters in this Court.  In United States v. D'Amario, Criminal Action No. 01-0346 (RBK), Petitioner was convicted of violating 18 U.S.C. § 115(a), Threatening to Assault a Federal Judge, and was

sentenced to a term of imprisonment of 30 months to be followed by three years supervised release. U.S. v. D'Amario, 01-cr-0346 (RBK) Second Amended Judgment [Docket Entry No. 171]. In United States v. D'Amario, Criminal Action No. 06-0112 (PSD), Petitioner was convicted of violating 18 U.S.C. § 115(a), Threatening to Assault a Federal Judge, and was sentenced to a term of imprisonment of 84 months to be followed by three years supervised release. U.S. v. D'Amario, 06-cr-0112 (PSD), Judgment [Docket Entry No. 214]. Petitioner has pursued, and states that he intends to continue to pursue, direct appeals and motions for collateral relief with respect to these convictions.

On June 4, 2003, Petitioner appeared before the Hon. Joseph E. Irenas for a bail hearing with respect to an alleged violation of supervised release. U.S. v. D'Amario, 01-cr-0346 (RBK), Docket Entry No. 136. Petitioner was subsequently sentenced for that violation in the District of Rhode Island and he appealed that decision to the U.S. Court of Appeals for the First Circuit. Three times Petitioner filed motions to obtain, at government expense, a transcript of the June 4, 2003, bail hearing, apparently for use in the appeal pending before the Court of Appeals for the First Circuit. Three times, this Court denied the motions. Petitioner appealed the denial of his motion, and the Court of Appeals for the Third Circuit affirmed. See U.S. v.

3

D'Amario, 01-cr-0346 (RBK), Docket Entries Nos. 156, 167, 185, 201.

Petitioner now alleges that, "[a]t a December 2006 trial in No. CR 6-112, the comments of Judge Irenas at the violation hearing in June 2003 were transformed into valuable defense evidence of an exculpatory nature."  (Petition, ¶ 5.)

Petitioner also asserts that, "[u]pon information and belief, in July 2005 Respondent sent messages concerning Petitioner by phone, fax and mail to BOP personnel at US Medical Center in Springfield, MO, including to Dr. Russ Carter and Donna L. Davis.  Petitioner demands access to all such records, reports and notes, as such evidence will prove that Camden court officers have an interest in continuing his incarceration."  (Petition, ¶ 11.)

Petitioner asks this Court to issue an order compelling the Clerk of this Court to provide the requested transcript and other documents.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

Pursuant to the requirements embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and 42 U.S.C. § 1915A, this Court must dismiss, at the earliest practicable time, any claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

4

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the Petitioner. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se Petitioner's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

### III.  ANALYSIS

Pursuant to 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus, however, is an extraordinary remedy. See Heckler v. Ringer, 466 U.S. 602, 616 (1984). Certain conditions must be met before mandamus relief is granted. "Among these are that the

party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'" Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted).  Thus, mandamus is available to Petitioner here only if he shows that he has a clear right to the relief sought, that the Respondent has a clear duty to perform, and that no other adequate remedy is available.  Petitioner cannot meet any element of this standard.

Federal statutory law controls the provision of free transcripts to indigent defendants.

> Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. ...  Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes.  Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose <u>if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.</u>  Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States <u>if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question.</u> ...

28 U.S.C. § 753(f) (emphasis added).  This Court has determined on three occasions that Petitioner has failed to meet this standard, and the Court of Appeals has affirmed.  In the absence of a judicial certification that Petitioner is entitled to a transcript at government expense, neither the Clerk of the Court nor any reporter is under any obligation to provide a transcript to Petitioner.  Petitioner clearly is aware of the appropriate method to obtain such certification, as he has made several such applications.[1]

In addition, Petitioner has failed to cite to any authority establishing that he is entitled to records of the Clerk relating to communications with Bureau of Prisons personnel regarding Petitioner.  To the extent any such information is relevant to a proceeding in which Petitioner is a party, both civil and criminal discovery rules provide the appropriate vehicle for acquisition of such information.

Petitioner has failed to state a claim for mandamus relief and the Petition must be dismissed.[2]

---

[1] This Court expresses no opinion as to whether Petitioner can establish grounds for certification that he is entitled to a transcript at government expense, as that issue is not presently before this Court.

[2] The Court notes that this appears to be at least Petitioner's third "strike" for purposes of 28 U.S.C. § 1915(g).  See D'Amario v. U.S. Bureau of Prisons, 01-cv-0561 (JEI) (D.N.J.); D'Amario v. Olnes, 01-0742 (ADM) (D.Minn.).

IV.   CONCLUSION

For the reasons set forth above, the Petition must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.  It does not appear that Petitioner could cure the defects in the Petition by amendment.  An appropriate order follows.

                                         S/Robert B. Kugler
                                         Robert B. Kugler
                                         United States District Judge
Dated: October 5, 2007