```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

ARTHUR D'AMARIO, III,            :
                                 :     Civil Action No. 07-4566 (RBK)
          Petitioner,            :
                                 :
     v.                          :     **OPINION and ORDER**
                                 :
CLERK FOR U.S. DISTRICT COURT,   :
                                 :
          Respondent.            :     **CLOSED**

    This matter is presently before the Court upon Petitioner's submission of a Motion [Docket Entry No. 4] to Amend Judgment [pursuant to Fed.R.Civ.P. 59(e)] and to Disqualify all District of New Jersey judges [pursuant to 28 U.S.C. § 455(a)], and a separate Motion [6] to stay this Court's Order [3] directing the payment of partial filing fees pursuant to 28 U.S.C. § 1915(b). Familiarity with this Court's Opinion and Order [2, 3] entered October 10, 2007, is presumed.

    1. In the original Petition for writ of mandamus, Petitioner sought an order directing the Clerk of this Court, and his "stenographers," to provide Petitioner, at government expense, a transcript of a June 4, 2003, hearing before Judge Joseph E. Irenas of this Court. (Petition, ¶¶ 7, 10.) See United States v. D'Amario, 01-cr-0346 (Docket Entry No. 136). Further, Petitioner alleged that "Disclosure of the 2003 transcript will not raise a question as to the validity of Petitioner's convictions, but will only provide him with

exculpatory evidence needed to support habeas corpus litigation." (Petition, ¶ 8.)

2. Here, Petitioner alleges that this Court was obligated under 28 U.S.C. § 455(a) to recuse itself and that the Opinion and Order entered in violation of that alleged obligation are invalid and must be vacated. Petitioner alleges that all judges of this Court are required to recuse themselves from this Petition for writ of mandamus because (1) the Petition alleges misconduct by employees of this Court and (2) a decision in this matter, providing him with the transcript, would "overturn" his conviction for threatening Judge Irenas, see United States v. D'Amario, 06-cr-0112, and set him free.

3. Section 455(a) states that a federal district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Intern. Ltd., 353 F.3d 211, 220 (3d Cir. 2003). Moreover, "the appearance of impropriety must be viewed from the perspective of the objective, reasonable layperson." In re Kensington Intern. Ltd., 368 F.3d 289, 303 (3d Cir. 2004).

4. In addition, timeliness is one of the factors which engages a court's discretion in determining whether a judge shall

be relieved from its assignment.  In re Kensington Intern. Ltd., 368 F.3d at 312.  "The reason most often given for applying a timeliness requirement to recusal motions is that "'[t]he judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting a possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming.'" Id. (quoting Smith v. Danyo, 585 F.2d 83, 86 (3d Cir. 1978)).

    5.  Here, Petitioner was aware at the time he filed his Petition of the facts which he now asserts as grounds for recusal.  Yet, he waited until after an adverse ruling was entered in this matter to move for recusal.  In addition, District Judges routinely rule upon actions asserted against the clerks of their own courts.  See, e.g., In re Bradford, 140 Fed.Appx. 430, 2005 WL 1943187 (3d Cir. 2005); Apel v. McCool, 2007 WL 4592245 (N.D. Fla. 2007); Weaver v. Eastern District Fresno, 2007 WL 749696 (E.D. Cal. 2007).  See also, Custard v. Young, 2006 WL 2460851 (D. Colo. 2006) (no recusal required in action against son of retired Clerk for the District of Colorado).  The propriety of such action is especially apparent in an official-capacity mandamus action, where the only relief sought, as here, is mandamus relief, which does not threaten the clerk's personal income or assets.  See, Coppedge v. U.S.

District Clerk, 2007 WL 4287656 (D.Del. 2007) (mandamus action). Cf. Cheney v. United States District Court for the District of Columbia, 541 U.S. 913 (2004) (while friendship between a litigant and a Supreme Court Justice might be a ground for recusal where the personal fortune or freedom of the litigant is at issue, it is traditionally not a ground for recusal where official action is at issue, no matter how important the official action was to the ambitions or the reputation of the government officer).  Finally, the mere fact that the requested transcript is to be used in connection with a habeas proceeding challenging Petitioner's conviction for threatening a Judge of this Court is not sufficient to suggest partiality, especially where this Court was not asked to, and did not, rule on whether Petitioner is entitled to the transcript at all, but merely whether Petitioner is entitled to the transcript at government expense.  There is no basis for this Judge, or any Judge of this Court, to recuse in this mandamus matter.

    6.  With respect to the merits of the Opinion and Order, Petitioner asserts that he cannot purchase a transcript because the Clerk of the Court will not respond to his requests for a transcript.

    7.  "A motion under Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error."  U.S. v. Fiorelli, 339 F.3d 282, 288 (3d

Cir. 2003) (internal citations omitted).  A Rule 59(e) motion may be granted only when the plaintiff demonstrates: (i) an intervening change in controlling law; (ii) new evidence that was not previously available; or (iii) the need to correct a clear error of law or fact or to prevent manifest injustice.  <u>See</u>, <u>e.g.</u>, <u>North River Ins. Co. v. CIGNA Reins. Co.</u>, 52 F.3d 1194, 1218 (3d Cir.1995).

    8.  Nothing in Petitioner's Motion presents any "clear error of law" or "manifest injustice" or any other factor justifying relief.  To the contrary, Petitioner seeks to litigate an entirely new issue in the Motion to Amend.  This Court repeats that the issue presented in the Petition for Writ of Mandamus was whether Petitioner was entitled to an order to compel production of the transcript <u>at</u> <u>government</u> <u>expense</u>, not whether he is entitled to purchase a transcript.  Petitioner is not entitled to any amendment of the prior Order.

    9.  Finally, Petitioner requests a "stay" of that portion of this Court's Order compelling installment payments of the filing fee pursuant to 28 U.S.C. § 1915(b), apparently based upon the belief that no such filing fees will be required if he ultimately prevails in this matter.  However, § 1915(b) requires payment of the full filing fee regardless of the outcome of the litigation. Petitioner is not entitled to a stay.

It is, therefore, on this __19th__ day of __March__, 2008,

ORDERED that the Motion [4] to Alter or Amend Judgment Pursuant to Rule 59(e) and to Disqualify all District of New Jersey Judges is DENIED; and it is further

ORDERED that the Motion [6] to Stay is DENIED.

S/Robert B. Kugler
Robert B. Kugler
United States District Judge